MARY B. WILKINS, APPELLANT, *v.* HELEN BUCK AND OTHERS, RESPONDENTS.

*Reference — preliminary decision of referee, as to point submitted by consent — regularity of.*

APPEAL from an order made at the Special Term, denying a motion to set aside the judgment entered upon the report of a referee dismissing the complaint herein. Several irregularities were specified in the moving papers.

After considering several of these and holding that they were devoid of merit, the General Term said:

"The plaintiff insists that the report should be set aside because the referee dismissed the complaint on the merits.

This is perhaps rather a question of alleged error to be reviewed on appeal from the judgment. We have not before us the evi-

dence upon which the report was made. So far as appears by the affidavits, the referee's action in this respect was quite regular. The parties had mutually agreed that instead of the usual order of proof, the question as to the genuineness or forgery of two papers should be disposed of first. That is, the plaintiff having given *prima facie* evidence of the genuineness of the papers, both parties were to go on with their evidence on this point before they proceeded with the rest of the case. It would seem that question of the genuineness or the forgery of these two papers was important in the controversy. After the parties had gone through with such evidence as they chose to introduce on the question it was submitted to the referee. Subsequently he announced his conclusion on that question, and then appointed a day for the further hearing of the case. The defendants duly notified the plaintiff that the trial would be continued on that day and that they should move to dismiss the complaint on the merits. On that day the plaintiff failed to appear, and the referee dismissed the complaint on the merits. The case then was on trial. The referee had held that the two papers were forgeries on the evidence produced. The merits of the case had been partly tried and the plaintiff was at liberty to proceed with further evidence. It was not a mere failure of proof on the part of the plaintiff because the defendants had themselves given evidence. The papers before us do not show what the evidence was on either side. * * * The conclusion to which he came as to the two papers was substantially an exclusion of certain evidence offered by the plaintiff. The cause was still open for the production of further evidence if either party desired. The order should be affirmed, with costs.".

*H. O. Southworth,* for the appellant. *Richard L. Hand,* for the respondents.

Opinion *per Curiam.*

Present — LEARNED, P. J., BOCKES and OSBORNE, JJ.

Order affirmed, with ten dollars costs and disbursements.